Filed 2/28/23  P. v. Rios CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAUL RIOS,<br><br>Defendant and Appellant. | C095901<br><br>(Super. Ct. No. 20FE015244) |

A jury found defendant Raul Rios guilty of assault with a deadly weapon and found true an attached great bodily injury enhancement.  Defendant appeals, claiming the trial court erred by failing to instruct the jury on simple assault.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 3, 2020, Juan G. and Maria J. were drinking beer on Maria's front porch when defendant approached them.  Defendant, who had dated Maria sporadically over the recent past, spoke to Maria briefly inside her house.  When defendant turned to leave, Juan, who had never gotten along well with defendant, called him a "bitch" in Spanish.

1

Defendant turned back and the two men started arguing. Defendant punched Juan in the face. The men began punching each other, and Juan knocked defendant to the ground. When defendant got back up, he had a pocketknife in his hand. Juan held his hands out, and defendant slashed Juan's arm with the pocketknife before running away.

Defendant was charged with assault with a deadly weapon and an attached great bodily injury allegation. Before the jury instructions were given, defense counsel and the trial court discussed whether the instruction for the lesser included offense of simple assault should be included. Defense counsel asked the court not to submit to the jury the instruction for simple assault. The court noted it was willing to give the instruction but, confirming that defense counsel was asking the court to not give it, excluded the instruction accordingly. In doing so, the court said it was omitting the instruction to "not interfere with [defense counsel's] strategic decision on [the] case."

In closing argument, defense counsel argued that Juan was not a credible witness. Counsel also argued defendant used reasonable self-defense and highlighted, "[W]here someone twice your size has you pinned down on the ground and is beating you in the face . . . , pulling out a knife and cutting them once on the arm . . . is reasonable self-defense." The jury declined to find defendant acted in self-defense, found defendant guilty of assault with a deadly weapon, and found the attached enhancement true.

Defendant appeals.

DISCUSSION

Defendant contends the trial court erred by failing to instruct the jury on simple assault, a lesser included offense to assault with a deadly weapon. He argues the doctrine of invited error does not bar his claim. We disagree.

" 'The doctrine of invited error is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his behest. If defense counsel intentionally caused the trial court to err, the appellant cannot be heard to complain on appeal.' " (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49.)

2

" 'When a defense attorney makes a "conscious, deliberate tactical choice" to [request or] forego a particular instruction, the invited error doctrine bars an argument on appeal that the instruction was [given or] omitted in error.' " (*People v. McKinnon* (2011) 52 Cal.4th 610, 675.) In *Souza*, our Supreme Court declined to impose the doctrine of invited error because it was unclear what defense counsel's purpose was for withdrawing a request for an instruction on a lesser included offense. (*People v. Souza* (2012) 54 Cal.4th 90, 115.) The defense attorney withdrew the request after the trial court made a ruling affecting the defense's strategy in the case. (*Ibid.*)

Unlike the court in *Souza*, we can clearly infer defense counsel had a deliberate tactical purpose, uninfluenced by the trial court, for requesting the court not to give the simple assault instruction. While a tactical purpose must be clear from the record, it may be inferred from actions affirmatively taken by defense counsel. (*People v. Coffman and Marlow*, *supra*, 34 Cal.4th at p. 49 [finding defense counsel affirmatively joined in the challenge to a prospective juror, so counsel could not claim the court erred in excusing that juror].) Here, defense counsel specifically requested the trial court omit the instruction on simple assault. Defense counsel argued in closing argument (1) that Juan G. was not a credible witness and (2) that defendant was out of options, so it was reasonable for him to use his pocketknife to get away from Juan. Defendant's strategy was to argue self-defense, which would apply equally to assault with a deadly weapon and simple assault. Rather than allow the jury the option to compromise on a lesser included offense, defense counsel strategically chose to give only the choice between self-defense or assault with a deadly weapon. Thus, it is clear counsel's request to omit the instruction on simple assault was a tactical decision.[1]

---

[1]    Defendant does not argue his counsel was ineffective, and thus we will not address the issue.

"As [defendant] specifically invited the court not to instruct on the lesser included offense, he ' "may not invoke a trial court's failure to instruct on a lesser included offense as a basis on which to reverse a conviction." ' " (*People v. Cady* (2016) 7 Cal.App.5th 134, 147.)  By asking the court not to instruct the jury on simple assault, defense counsel invited the error that defendant now claims is grounds for reversal.  This is the very conduct the invited error doctrine seeks to prevent.  Accordingly, we conclude the invited error doctrine bars defendant's claim, and thus, we do not discuss the merits of defendant's instructional error argument.

### DISPOSITION

The judgment is affirmed.


/s/_____
ROBIE, Acting P. J.



We concur:



/s/_____
DUARTE, J.



/s/_____
EARL, J.

4